UNITED STATES v. HAMBURG AMERICAN LINE.

(Circuit Court of Appeals, Second Circuit. January 7, 1908.)

No. 19.

ALIENS—DEPORTATION — EXPENSES — INLAND "TRANSPORTATION" — "COST OF TRANSPORTATION."

Immigration Act March 3, 1903, c. 1012, § 20, 32 Stat. 1218, provides that any alien who shall be found a public charge in the United States from causes existing prior to landing shall be deported at any time within two years after arrival, at the expense, including one-half of the cost of inland transportation to the port of deportation, of the person bringing the alien into the United States. *Held*, that the term "transportation," as so used, should be given its ordinary meaning, viz., carriage from one place to another, and that the phrase "cost of inland transportation" therefore only included the cost of carrying the alien from the inland place where he was found to the port of deportation, and that the government was therefore not entitled to recover under such section from the steamship company bringing the deported alien into the United States any part of the traveling expenses of an officer sent to bring the alien to the port of deportation.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7075, 7076.]

In Error to the District Court of the United States for the Southern District of New York.

Henry L. Stimson, U. S. Atty., and Winfred Denison, Asst. U. S. Atty.

W. G. Choate (Lucius H. Beers, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. This action is based upon section 20 of the immigration act of 1903 (Act March 3, 1903, c. 1012, 32 Stat. 1218), which provides as follows:

"That any alien who shall come into the United States in violation of law, or who shall be found a public charge therein, from causes existing prior to landing, shall be deported as hereinafter provided to the country from whence he came at any time within two years after arrival at the expense, including one-half of the cost of inland transportation to the port of deportation, of the person bringing such alien into the United States, or, if that cannot be done, then at the expense of the immigrant fund referred to in section one of this act."

It appears from the agreed statement of facts that one Suerpenas, an alien, was brought to the port of New York in one of the defendant's ships, and was admitted by the immigration authorities; that within a year thereafter, at Syracuse, N. Y., he became a public charge from causes existing prior to his landing, and that he was thereupon brought from Syracuse to New York, and thence deported to the country whence he came. The defendant is clearly liable under the act. The only question is, what items of the expense connected with bringing the alien from Syracuse to New York are embraced by the use of the phrase "one-half of the cost of inland transportation"? The government claims to recover one-half of the entire expenses going and coming of the immigration officer who went from

New York to Syracuse for the alien, as well as of the actual cost of carriage of the alien, including car fare and livery hire. The defendant, on the other hand, claims that it is liable only for the last item—the actual cost of carriage. The District Court practically sustained the defendant's contention.

The alien having been admitted by the immigration authorities, there is no element of fault upon the part of the defendant. The defendant is liable for the expenses of deportation only because the government has imposed such liability as a condition of bringing aliens into the country. Moreover, in addition to the strictly deportation expenses, the government might have required the payment of such other expenses connected with the removal of the alien to the port of deportation as it deemed proper. Thus, in the immigration act of 1907 (Act Feb. 20, 1907, c. 1134, 34 Stat. 904 [U. S. Comp. St. Supp. 1907, p. 401]), the section (section 20) which takes the place of the section of the act of 1903, which we are considering, provides that "one-half of the *entire cost of removal to the port of deportation* shall be at the expense of the contractor, procurer or other person by whom the alien was unlawfully induced to enter the United States." (Italics ours.)

The act of 1903, however, is more limited in scope than the act of 1907. Whatever may be the actual expense of removing the alien to the port of deportation, it provides that only a particular portion of such expense, viz., "one-half the cost of inland transportation," shall be collectible. We think that the word "transportation" as so used should be given its ordinary meaning—carriage from one place to another. The phrase "cost of inland transportation" means the cost of carrying the alien from the inland place where he is found to the port of deportation. It does not include the cost of carrying some one else; much less the expenses of an officer traveling away from the port of deportation. If Congress desired to include such items, it should have used broader language, as it did in the later act.

There is no error in the judgment of the District Court, and it is affirmed.